UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOE T. EBERHARD,

       Plaintiff,

vs.

ABAKAN INC.,

       Defendant.
_____/

## COMPLAINT

Plaintiff, Joe T. Eberhard ("Eberhard"), by his attorneys, hereby files his complaint against Defendant, Abakan Inc. ("Abakan"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000, exclusive of fees, costs and interest. The Court has diversity jurisdiction over the defendant pursuant to 28 U.S.C. §1332(a)(2).

2. Venue is proper in the Southern District of Florida under 28 U.S.C. §1391(a), (c) and (d).

3. Pursuant to the Purchase Agreement referenced below, Abakan agreed that "[A]ny action brought by any party against another party concerning the transactions contemplated by this Agreement shall be brought only in the state courts of Florida or in the federal courts located in Dade County."

CONRAD & SCHERER, LLP, 633 S. Federal Highway, Ft. Lauderdale, FL 33301. Tel. (954) 462-5500

4. Pursuant to the First Note referenced below, Abakan agreed that "[A]ny action brought by either party against the other concerning the transactions contemplated by this Note shall be brought only in the state courts of Florida or in the federal courts located in Dade County."

## PARTIES

5. Plaintiff Eberhard is a German citizen residing at 55 Birmensdorferstrasse, 8004 Zurich, Switzerland.

6. Upon information and belief, defendant Abakan is a Nevada corporation with its principal place of business located at 2665 South Bayshore Drive, Miami, Florida 33133.

## PRELIMINARY STATEMENT

7. Eberhard and Abakan entered into a securities purchase agreement. Under the securities purchase agreement, Abakan issued a convertible promissory note to Eberhard. Upon the request of Abakan, Eberhard agreed to extend the maturity date of the convertible promissory note and in connection with such extension, Abakan issued a second promissory note to Eberhard. Abakan failed to make payments as required under both promissory notes. Accordingly, Eberhard brings this action against Abakan for breach of the promissory notes.

## FACTUAL ALLEGATIONS

8. On July 14, 2011, Abakan and Eberhard entered into a Securities Purchase Agreement ("Purchase Agreement").

9. The Purchase Agreement provides, among other things, that Abakan shall issue a convertible promissory note to Eberhard.

10. Pursuant to the Purchase Agreement, Abakan issued a Convertible Promissory Note to Eberhard on July 14, 2011 (the "First Note"). The principal amount of the First Note at

the time of issuance was $500,000.00. A copy of the First Note is annexed hereto as Exhibit "A".

11.     Pursuant to the First Note, Abakan agreed to pay the principal amount of $500,000.00 plus interest due under the First Note on July 14, 2013.

12.     On July 14, 2013, Abakan and Eberhard amended the First Note to extend the maturity date of the First Note to July 13, 2014.

13.     Pursuant to the First Note, any amount of principal or interest on the First Note not paid when due bears interest at the rate of 10% per annum from the due date until paid.

14.     Article III of the First Note sets forth the events that constitute an Event of Default under the First Note. Specifically, Section 3.1 of the First Note states that the following event constitutes an Event of Default: "The Borrower [Abakan] fails to pay the principal hereof or interest thereon when due on this Note, whether at maturity, upon acceleration or otherwise."

15.     Article III of the First Note provides that

> Upon the occurrence and during the continuation of an Event of Default specified in this Article III, the Note shall become immediately due and payable and the Borrower [Abakan] shall pay to the Holder [Eberhard], an amount equal to the Default Amount (as defined below) effective on the delivery of written notice to the Borrower by the Holder (the "**Default Notice**"), in full satisfaction of its obligations hereunder, an amount equal to the greater of (i) 125% times the sum of (w) the then outstanding principal amount of this Note plus (x) accrued and unpaid interest on the unpaid principal amount of this Note to the date of payment plus (y) Default Interest, if any, on the amounts referred to in clauses (w) and/or (x) plus (z) any amounts owed to the Holder pursuant to Sections 1.3 hereof (the then outstanding principal amount of this Note to the date of payment plus the amounts referred to in clauses (x), (y) and (z) shall collectively be known as the "**Default Amount**") and all other amounts payable hereunder shall immediately become due and payable, all without demand, presentment or notice, all of which hereby are expressly waived, together with all costs, including, without limitation, legal fees and expenses, of collection, and the Holder shall be entitled to exercise all other rights and remedies available at law or in equity.

16. Pursuant to Section 4.5 of the First Note, "[I]f default is made in the payment of this Note, the Borrower [Abakan] shall pay the Holder [Eberhard] hereof costs of collection, including reasonable attorneys' fees."

17. On July 15, 2013, Abakan issued a Promissory Note (the "Second Note"; collectively, with the First Note, the "Notes") to Eberhard. The principal amount of the Second Note at the time of issuance was $50,000.00. A copy of the Second Note is annexed hereto as Exhibit "B".

18. Pursuant to the Second Note, Abakan agreed to pay the principal amount of $50,000.00 plus interest due under the Second Note on demand, but, in any event, no later than September 15, 2013.

19. Pursuant to the Second Note, if the Second Note was not repaid by September 15, 2013, default interest would accrue at the rate of 12% per annum.

20. Pursuant to the Second Note, "[I]f Note is placed in the hands of an attorney for collection after default, Abakan Inc. agrees to pay reasonable attorneys' fees actually incurred, plus costs.

21. Despite its plain obligation under the Notes, Abakan has failed to make payments of principal and interest under the Notes.

22. As of the date hereof, Abakan owes $664,520.80 under the First Note and $56,177.92 under the Second Note.

23. Accordingly, the total amount owed to date by Abakan under the Notes is $720,698.72.

24. After numerous communications between Abakan and Eberhard which failed to resolve this matter, Eberhard sent a Notice of Default dated July 15, 2014 to Abakan.

## CAUSES OF ACTION

### First Cause of Action

### (Breach of First Note)

25. Eberhard realleges paragraphs 1 through 24 of the complaint as if fully set forth herein.

26. Eberhard entered into the Purchase Agreement with Abakan and received the First Note from Abakan, which was a valid and binding agreement and was a valid and binding promissory note.

27. Eberhard fulfilled his obligations to Abakan under the Purchase Agreement and the First Note.

28. Abakan has failed to make payments of principal and interest under the First Note, constituting an Event of Default under the First Note.

29. Despite due demand, Abakan has failed to make payment under the First Note, which constitutes an Event of Default.

30. By reason of the foregoing, Abakan has breached its contractual obligations and caused damages to Eberhard, and Abakan is liable to Eberhard in the amount of $664,520.80, plus such additional amounts that Eberhard proves at trial.

### Second Cause of Action

### (Breach of Second Note)

31. Eberhard realleges paragraphs 1 through 24 of the complaint as if fully set forth herein.

32. Abakan issued the Second Note to Eberhard, which was a valid and binding promissory note.

33. Eberhard fulfilled his obligations to Abakan under the Second Note.

34. Abakan has failed to make payments of principal and interest under the Second Note.

35. Despite due demand, Abakan has failed to make payment under the Second Note.

36. By reason of the foregoing, Abakan has breached its contractual obligations and caused damages to Eberhard, and Abakan is liable to Eberhard in the amount of $56,177.92, plus such additional amounts that Eberhard proves at trial.

## PRAYER FOR RELIEF

WHEREFORE, Eberhard respectfully requests judgment against Abakan as follows:

1. Awarding Eberhard damages in an amount to be proven at trial, but in an amount not less than $720,698.72, plus interest;

2. Awarding Eberhard the costs and disbursements of this action, including his reasonable attorneys' fees; and

3. Awarding such other relief as the Court deems just and proper.

Dated: August 29, 2014

Jerry D. Tamayo (FBN: 28532)
jtamayo@conradscherer.com
Jeffrey Kominsky (FBN: 69408)
jkominsky@conradscherer.com
Conrad & Scherer LLP
633 South Federal Highway
Fort Lauderdale, Florida 33301
Tel. No. (954) 462-5500
Fax No. (954) 463-9244
*Attorneys for Plaintiff Joe T. Eberhard*