**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-23211-CIV-ALTONAGA**

JOE T. EBERHARD,

      Plaintiff,

v.

ABAKAN, INC.,

      Defendant.

_____/

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Abakan, Inc. ("Defendant"), through undersigned counsel, hereby files this Amended Answer and Affirmative Defenses and states as follows:

1.      Defendant admits that this Court has jurisdiction over this action.

2.      Defendant admits that this Court has venue over this action.

3.      Defendant admits that the agreement upon which Plaintiff relies includes the venue selection clause described in the Complaint.

4.      Defendant admits that the agreement upon which Plaintiff relies includes the venue selection clause described in the Complaint.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis deny the allegations.

6.      Defendant admits the allegations of paragraph 6.

7.      Defendant denies the allegations of paragraph 7.

8.      Defendant admits the execution of the Purchase Agreement.

9.      The allegations of paragraph 9 reference are denied.  Defendant provided Plaintiff with a note evidencing a loan.  That instrument provided Plaintiff with the right to convert the loan proceeds into stock in lieu of repayment.

10.     Defendant admits execution of the agreement alleged in paragraph 10, but disputes the Plaintiff's characterization of the agreement.

11.     Defendant admits execution of the agreement alleged in paragraph 11, but disputes the Plaintiff's characterization of the agreement.

12.     Defendant admits execution of the agreement alleged in paragraph 12, but disputes the Plaintiff's characterization of the agreement.

13.     Defendant admits execution of the agreement alleged in paragraph 13, but disputes the Plaintiff's characterization of the agreement.

14.     Defendant admits execution of the agreement alleged in paragraph 14, but disputes the Plaintiff's characterization of the agreement.

15.     Defendant admits execution of the agreement alleged in paragraph 15, but disputes the Plaintiff's characterization of the agreement.

16.     Defendant admits execution of the agreement alleged in paragraph 16, but disputes the Plaintiff's characterization of the agreement.

17.     Defendant admits execution of the agreement alleged in paragraph 17, but disputes the Plaintiff's characterization of the agreement.

18.     Defendant admits execution of the agreement alleged in paragraph 18, but disputes the Plaintiff's characterization of the agreement.

19.     Defendant admits execution of the agreement alleged in paragraph 19, but disputes the Plaintiff's characterization of the agreement.

20. Defendant admits execution of the agreement alleged in paragraph 20, but disputes the Plaintiff's characterization of the agreement.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant admits a Notice of Default dated July 15, 2014 was sent, but disputes the Plaintiff's characterization of the Notice of Default.

25. Defendant adopts and incorporates the answers to paragraphs 1 through 24.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant adopts and incorporates the answers to paragraphs 1 through 24.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

## FIRST AFFIRMATIVE DEFENSE
### (Usury)

1.     The July 14, 2011 Convertible Promissory Note is unenforceable pursuant to Fla. Stat. § 687.071 because it charges a criminally usurious interest rate.  Plaintiff is willfully and knowingly charging 125% times the sum of (a) the outstanding principal amount of $500,000, plus (b) 5% interest per year from July 14, 2011 to July 13, 2014, plus (c) 10% interest per year from July 14, 2014 to the present.  Plaintiff has a corrupt intention to take more than the legal rate for the use of the money loaned.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands – Usury)

2.     Plaintiff is precluded from enforcing the two notes on the basis of unclean hands. By filing the Complaint, Plaintiff is committing a second degree misdemeanor.  Fla. Stat. § 687.071.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3.     The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00 threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant

intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, Plaintiff is estopped from enforcing the notes.

## FOURTH AFFIRMATIVE DEFENSE
### (Prior Material Breach)

4.     The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00 threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, Plaintiff committed a prior material breach of the notes.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.     The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00 threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant

intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, Plaintiff is precluded from enforcing the notes based on the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Exercise of Debt Conversion)

6.      The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00 threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, the conversion right should be deemed to have occurred and the debt converted into shares.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

7.      The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00

threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, Plaintiff prevented the performance of the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Fraud)

8.     The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00 threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, Plaintiff has committed fraud and cannot enforce the loan documents.

### NINTH AFFIRMATIVE DEFENSE
#### (Fraudulent Inducement)

9.     The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00

threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  Plaintiff fraudulently induced Defendant into entering the loan documents.

### TENTH AFFIRMATIVE DEFENSE
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

10.    The notes gave Defendant the right to convert all or any part of the outstanding principal amount into stock if the closing price of the stock was greater than $3.00 for twenty consecutive trading days.  On at least two occasions, on or about the nineteenth consecutive trading day on which the stock traded above the threshold, Plaintiff intentionally sold large quantities of shares into the market for the purpose of driving the stock price below the $3.00 threshold and intentionally depriving Defendant of the right to exercise the conversion.  Plaintiff knew Defendant had always intended to exercise the conversion right, and Defendant intentionally and unjustifiably precluded Plaintiff from doing so by virtue of its wrongful conduct.  As a result, Plaintiff has breached the implied covenant of good faith and fair dealing.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Estoppel)**

11.    Plaintiff, including its agents and principals and those in control of Plaintiff, committed to investing in Defendant and then obstructed Defendant's ability to obtain alternative financing.  By doing so, Plaintiff coerced Defendant into converting an investment deal by Plaintiff into a loan agreement.  Plaintiff represented that it would never seek to collect the loan

but would instead convert the debt into equity.  As a result, Plaintiff is estopped from enforcing the loan documents.

WHEREFORE, Plaintiff respectfully requests that the Court dismiss the Complaint and grant Plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

HALL, LAMB AND HALL, P.A.
Offices at Grand Bay Plaza
Penthouse One
2665 South Bayshore Drive
Miami, Florida 33133
Telephone: (305) 374-5030
Facsimile:   (305) 374-5033
BLevitt@hlhlawfirm.com


By:  /s  Andrew Hall
　　　ANDREW C. HALL
　　　FBN: 111480
　　　BRANDON R. LEVITT
　　　FBN: 30471


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served via ECF on all counsel of record this **10th day of November, 2014**.

/s  Andrew Hall
ANDREW C. HALL