UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23211-CIV-ALTONAGA/O'SULLIVAN

JOE T. EBERHARD,

       Plaintiff,

vs.

ABAKAN INC.,

       Defendant.

_____/

## JOINT MOTION TO EXTEND DEADLINE TO FILE STIPULATION OF DISMISSAL

       Plaintiff Joe T. Eberhard ("Eberhard") and Defendant Abakan Inc. ("Abakan") jointly move to request that the Court keep the case administratively closed without prejudice and extend the deadline for the parties to file a stipulation of dismissal for an additional thirty (30) days until November 11, 2015. The Court's September 11, 2015 Order Administratively Closing Case ("Order") requires the parties to file a stipulation of dismissal within thirty (30) days.  The grounds for this Joint Motion are as follows.

       The parties entered into a settlement agreement to resolve this Action (the "Settlement Agreement").  Pursuant to the Settlement Agreement, Abakan agreed to provide two duly executed consent judgments to Eberhard's counsel.

       Prior to the Settlement Agreement, Abakan was sued by George Town Associates S.A. in the United States District Court for the Southern District of New York ("Southern District of New York") for Abakan's breach of a promissory note.  On September 24, 2015, after the Settlement Agreement was executed, the Southern District of New York appointed a receiver over Abakan (the "Receiver").  See Order of Receivership annexed hereto as Exhibit "A".

Abakan's counsel has advised Eberhard's counsel that due to the appointment of the Receiver, Abakan is uncertain whether it has the authority to execute the consent judgments as required in the Settlement Agreement without the Receiver's agreement.

The undersigned counsel for Abakan and Eberhard have both spoken with the Receiver's counsel in an attempt to obtain the Receiver's consent. The Receiver's counsel has advised the undersigned counsel that the Receiver needs additional time to evaluate the issue. Accordingly, the parties respectfully request that the Court keep this matter administratively closed and extend the time for them to file a stipulation of dismissal for an additional thirty (30) days. The undersigned counsel will immediately advise the Court after the Receiver has responded to their request to agree to the consent judgments.

## CONCLUSION

WHEREFORE, Eberhard and Abakan respectfully request that this Court extend the deadline for the parties to file a stipulation of dismissal to November 11, 2015.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned counsel have conferred and agreed to this Joint Motion.

DATED the 8th of October, 2015

Conrad & Scherer LLP
*Attorneys for Plaintiff Joe T. Eberhard*
633 South Federal Highway
Fort Lauderdale, Florida 33301
Telephone:     (954) 462-5500
Facsimile:      (954) 463-9244

By:      /s/ Joshua D. Clark
JOSHUA D. CLARK
Florida Bar No. 25289
jclark@conradscherer.com

-and-

2

Mazzeo Song & Bradham LLP
*Attorneys Pro Hac Vice for Plaintiff*
444 Madison Avenue, 4th Floor
New York, New York 10022
John Bradham (*pro hac vice*)
Peter Katzman (*pro hac vice*)
Telephone:     (212) 599-0700
Facsimile:      (212) 599-8400
jbradham@mazzeosong.com
pkatzman@mazzeosong.com

DATED the 8th of October, 2015

Hall, Lamb and Hall, P.A.
*Attorneys for Defendant Abakan Inc.*
Offices at Grand Bay Plaza
Penthouse One
2665 South Bayshore Drive
Miami, Florida 33133
Telephone:     (305) 374-5030
Facsimile:      (305) 374-5033

By:     /s/ Matthew P. Leto
        MATTHEW P. LETO
        Florida Bar No. 14504
        mleto@hlhlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all counsel of record this 8th day of October, 2015.

/s/ Joshua D. Clark
Joshua D. Clark

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

GEORGE TOWN ASSOCIATES S.A.,

                    Plaintiff,

v.

ABAKAN, INC. and MESOCOAT, INC.,

                    Defendants.

---

Case No. 15-cv-3435 (DLC)

## [PROPOSED] ORDER

Plaintiff, George Town Associates S.A. ("George Town") filed a Complaint on May 4, 2015, seeking damages and equitable relief. On June 18, the plaintiff moved for summary judgment and to dismiss the defendants' counterclaim. On July 28, the plaintiff moved for an order finding Abakan, Inc. ("Abakan") and MesoCoat, Inc. ("MesoCoat") in contempt and for the appointment of receiver over MesoCoat. Following a hearing on August 14, 2015, Robert Seiden was appointed as Receiver over MesoCoat. On August 18, the plaintiff's June 18 motion for summary judgment was granted. On September 17, the plaintiff moved for an order finding Abakan in contempt and for the appointment of receiver over Abakan. Following a hearing on September 24, Robert Seiden was appointed as Receiver over Abakan.

The Court has considered the pleadings, declarations, exhibits, and memoranda filed by the parties and the record at the ~~evidentiary~~ hearing held on September 24, and finds that:

1.      This Court has jurisdiction over the subject matter of this case and all parties thereto;

2.      There is good cause to believe that absent the relief requested herein, George Town will suffer irreparable injury;



PLAINTIFF'S
EXHIBIT

A

3.     Abakan defaulted on the secured promissory note at issue in this action and summary judgment was entered in George Town's favor on August 18, 2015.  Weighing the equities, considering George Town's success on the merits, and for the reasons stated on the record on September 24;

4.     Robert Seiden ("Receiver") is hereby appointed as receiver over Abakan's business and business assets with the responsibilities and powers stated below:

    a) Holding cash and payment obligations in trust for George Town;

    b) Taking possession of the collateral and, for that purpose, entering, with the aid and assistance of any person, any premises where the collateral is or may be placed and remove the same;

    c) Exercising discretion in all voting and consensual rights of Abakan, receiving cash dividends, interest, and other payments on the collateral, and exercising all rights with respect to the collateral as if it were the sole and absolute owner thereof;

    d) Operating Abakan's business using the collateral and to assign, sell, lease, or otherwise dispose of all or any part of the collateral, without demand upon or notice to Abakan;

    e) Notifying Abakan's account debtors and obligors to make payments directly to George Town, and enforcing Abakan's rights against such account debtors and obligors;

    f) Directing any financial intermediary or any other entity holding any investment property to transfer the same to George Town;

    g) Transferring all intellectual property registered in Abakan's name with the U.S. Patent and Trademark Office (or the U.S. Copyright Office) into George Town's name;

    h) Disposing of the collateral; and

    i) Using, licensing, or sublicensing any intellectual property owned by Abakan.

5.     In furtherance of his duties and responsibilities, the Receiver shall have the full power of an equity receiver over Abakan, its agents, representatives, officers, employees and affiliates, and over all of the funds, assets, accounts, properties, premises, claims, books and

records of Abakan, whether owned by Abakan in whole or in part, or directly or indirectly, including but not limited to the power and authority to:

    a) Operate and administer the business of Abakan subject to further order of this Court, with full authority to perform all acts necessary or incidental thereto, including the making of such payments and disbursements as may be necessary and advisable for the preservation of the businesses; and

    b) Exercise all other powers, rights and authority customarily exercised by an equity receiver.

6.    Abakan and its officers, directors, agents, servants, employees, successors, assigns, subsidiaries, affiliates, corporations, and other persons or entities under the control of any of them, or under common control with them, shall fully cooperate with and assist the Receiver, including by answering all questions concerning Abakan, and shall take no action, directly or indirectly, to hinder, obstruct or interfere with the Receiver or his retained professionals or their agents in the conduct of their duties.

7.    The Receiver shall have the exclusive power to file, proceed and operate in and under, any case under Title 11 of the United States Code, by placing Abakan voluntarily in a case under any applicable Chapter of said Title, and to operate the businesses thereof as debtor-in-possession or trustee, in which case he shall at all times be subject to and governed by all provisions thereof and of all statutes, rules and administrative requirements related thereto, including without limitation, the rules and guidelines pertaining to compensation and reimbursement of expenses.

8.    The Receiver is hereby vested with, and he is authorized, directed and empowered to exercise, all of the powers of Abakan's officers, directors, partners, employees, representatives, or persons who exercise similar powers and perform similar duties; and Abakan, and each of them, and their officers, partners, agents, employees, representatives, directors,

3

successors in interest, attorneys in fact and all persons acting in concert or participating with them, are hereby divested of, restrained, enjoined and barred from exercising any of the powers vested herein in the Receiver.

IT IS FURTHER ORDERED that any and all actions taken by the Receiver pursuant to this Order shall be effectuated in a manner which is consistent with federal and state laws as are applicable to a receiver. The Receiver's liability, if any, shall be consistent with his role as a fiduciary.

IT IS FURTHER ORDERED that the Receiver shall provide statements of account not less than every 30 days to the parties in this action.

IT IS FURTHER ORDERED that, prior to either assigning, disposing of, transferring, or hypothecating any collateral belonging to Abakan with a value of in excess of $50,000.00, the Receiver shall first give 7 days prior notice to the parties in this action

SO ORDERED:

Dated:     New York, New York
           September 24, 2015

           11:15 am.

                                         DENISE COTE
                                         United States District Judge

9. The Receiver shall have access to the Books and Records Of Abakan and/or Mesocoat in possession off the U.S. Marshal, Southern District of Florida, giving simultaneous notice to all counsel.

4